■ ALBERT M. ZACK et al., Appellants, v 3000 EAST AVENUE CONDOMINIUM ASSOCIATION, Respondent. [762 NYS2d 459] —Ap-

peal from a judgment (denominated order and judgment) of Supreme Court, Monroe County (Polito, J.), entered July 25, 2002, which, inter alia, denied plaintiffs' motion for partial summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying defendant's cross motion for partial summary judgment, granting plaintiffs' motion for partial summary judgment in part, granting judgment as follows:

It is adjudged and declared that the December 1995 change in the method of allocating common expenses is unlawful under Real Property Law § 339-m, and enjoining defendant from continuing to employ that method as a basis for assessing common expenses against plaintiffs.

Memorandum: Plaintiffs Albert M. Zack and Rona Zack are the owners of one unit and plaintiff Ellen Gaffney is the owner of another unit in a nine-unit residential condominium. They commenced this action against defendant condominium association seeking declaratory, injunctive and, in the case of plaintiffs Albert M. Zack and Rona Zack, monetary relief. Plaintiffs allege that the December 1995 change in the method of assessing or allocating common expenses against them is invalid under Real Property Law § 339-m. Plaintiffs further challenge the manner in which defendant adopted its December 1995 resolution amending the method of assessing common expenses.

Supreme Court properly denied that part of plaintiffs' motion seeking partial summary judgment on the claim challenging the manner in which the resolution was adopted and to the extent that the Zacks sought monetary, or retrospective, relief. The court properly concluded that the Zacks are estopped from challenging the resolution based on their affirmative vote in favor of the resolution and, further, based on their payment without protest of common expenses assessed in accordance with the amended method for the years 1996 through 2000. Such actions by the Zacks induced reasonable reliance on the part of defendant that resulted in a detrimental change of position on its part (*see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982], *rearg denied* 57 NY2d 674 [1982]; *cf. Village of Waterford v Reliance Ins. Co.*, 226 AD2d 887, 891 [1996]). We further agree with the court's conclusion that plaintiff Ellen Gaffney, who did not acquire her unit until May 2000, lacks standing to contest the manner in which defendant adopted the resolution in December 1995.

We conclude, however, that the court erred in denying that

part of plaintiffs' motion for partial summary judgment seeking declaratory and injunctive, or prospective, relief invalidating the December 1995 change in the method of assessing common expenses as contrary to the provisions of Real Property Law § 339-m. Pursuant to section 339-m, the "common profits of the property shall be distributed among, and the common expenses shall be charged to, the unit owners according to their respective common interests * * *. * * * In the case of units in any building, residential or non-residential, or a combination thereof, profits and expenses may be specially allocated and apportioned based on special or exclusive use or availability or exclusive control of particular units or common areas by particular unit owners, if so authorized by the declaration and bylaws, in a manner different from common profits and expenses."

Here, plaintiffs challenge defendant's implementation of a "split" or "hybrid" method of allocating common expenses to the various units. Under the current method of assessment, one half of common expenses are allocated against each owner in accordance with his or her "Percentage of Interest in Common Elements," as set forth in the Declaration, which percentage is based on a proration of floor area (*see* Real Property Law § 339-i [1] [ii]). However, the remaining common expenses are allocated on a per unit basis, i.e., one eighteenth (one ninth of one half) against each owner. The express intent of the resolution was to shift a portion of the financial burden from the owners of the larger units to the owners of the smaller units on the theory that it was "unfair" to the owners of the larger units to bear common expenses in strict proportion to the square footage of their units. Insofar as this record reveals, the considerations identified in the last sentence of section 339-m played no part in defendant's adoption of the resolution amending the method of allocating common expenses. We therefore conclude that the December 1995 change in the method of allocating common expenses is not, as required by section 339-m, "based on special or exclusive use or availability or exclusive control of particular units or common areas by particular unit owners."

We therefore modify the judgment by denying defendant's cross motion for partial summary judgment, granting plaintiffs' motion for partial summary judgment in part, declaring the December 1995 change in the method of allocating common expenses unlawful under Real Property Law § 339-m, and enjoining defendant from continuing to employ that method as a basis for assessing common expenses against plaintiffs. Present—Green, J.P., Wisner, Scudder, Kehoe and Burns, JJ.